IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALLAN A. PETERSEN, #03533-094 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 2:09-CV-73-TMH |
| ) | [WO] |
| ) | |
| WARDEN KELLER, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983/*Bivens* action, Allan A. Petersen ["Petersen"], a former federal inmate, complains that the defendants violated his constitutional rights during his confinement in the Elmore County Jail with respect to the denial of kosher meals. He also alleges that federal officials at the Maxwell Federal Prison Camp failed to allow him access to his legal materials. Petersen seeks only injunctive relief from the named defendants. The documents filed in this case demonstrate that Petersen is no longer incarcerated in the Elmore County Jail.[1] In addition, the court granted the relief sought by Petersen with respect to his request for the production of legal materials from federal prison officials. *Order of February 27, 2009 - Court Doc. No. 11.*

Upon review of the complaint, the court concludes that dismissal of this case is appropriate as the claims raised therein are now moot.

---

[1] The plaintiff is presently on home confinement in St. Thomas, the United States Virgin Islands.

**DISCUSSION**

Petersen complains that during an 18-day period of incarceration at the Elmore County Jail the defendants failed to provide him access to kosher meals. Petersen requests that the court issue an order directing personnel at the Elmore County Jail to provide him kosher meals. Petersen further argues that federal prison officials denied him access to his legal materials. With respect to the latter claim, the court previously granted the relief requested by Petersen and ordered correctional officials at the Maxwell Federal Prison Camp to provide him all legal materials in their possession. *Order of February 27, 2009 - Court Doc. No. 11*. In light of the status of this case, the court issued an order allowing the plaintiff an opportunity to show cause why this case should not be dismissed as moot. *Order of February 27, 2009 - Court Doc. No. 13*. Petersen has filed nothing in response to this order.

Petersen is no longer incarcerated in the Elmore County Jail and has been provided the relief arising from his confinement at the Maxwell Federal Prison Camp. Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In cases where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer

of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Flast v. Cohen,* 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990).

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987), the Eleventh Circuit Court of Appeals determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

(citations omitted); *see also Darring v. Kincheloe,* 783 F.2d 874, 876-77 (9th Cir. 1986) (after an inmate is transferred, there is neither a "reasonable expectation" nor a "demonstrated probability" that the inmate will return to the prison against which he sought injunctive relief and therefore claim for injunctive relief is moot). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and

appellate...." *Id*.

Petersen is not incarcerated in the Elmore County Jail. He is, therefore, no longer subject to the condition about which he complains and any request for injunctive relief directed to officials at the jail is subject to dismissal as moot. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Murphy v. Hunt,* 455 U.S. 478, 481-82 (1982); *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). In addition, Petersen has received the relief sought from federal prison officials, likewise rendering such request for relief moot.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. This case be DISMISSED as moot.

2. No costs be taxed herein.

It is further

ORDERED that on or before April 14, 2009 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 1st day of April, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE